UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| RUDY REYNOSA, | ) |
| Plaintiff, | ) Case No. 4:06-cv-106 |
| v. | ) Honorable Robert Holmes Bell |
| KURT SCHULTZ et al., | ) |
| Defendants. | ) |

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* and ordered Plaintiff to pay an initial partial filing fee when funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's claims against Defendants Kurt Schultz and Kirk Kashion for failure to state a claim and will order service of the complaint against the remaining known Defendant, V. Smith.

**Discussion**

I.  Factual Allegations

Plaintiff is incarcerated at the Marquette Branch Prison, but the events giving rise to his claims occurred while he was incarcerated at the Florence Crane Correctional Facility (ACF) and Camp Branch, which is under the administrative control of ACF.

In his *pro se* complaint, Plaintiff sues Camp Branch Supervisor Kurt Schultz; ACF corrections officer V. Smith; unknown ACF health services workers named as John and Jane Does; and City of Coldwater Prosecuting Attorney Kirk Kashion.  Plaintiff alleges that in October 2004, Defendant Schultz violated the Eighth Amendment when he ordered Plaintiff to operate a jackhammer on work detail, which led to Plaintiff being injured.  Compl. ¶¶ 11-15.  Plaintiff further alleges that in May 2005, Defendants Smith and Doe denied him necessary medical care for his injuries in violation of the Eighth and Fourteenth Amendments.  Compl. ¶¶ 17-22.  Plaintiff contends that in August 2005, he wrote a letter to Defendant Kashion complaining of the violations by other Defendants, and Kashion never responded, in violation of Plaintiff's Fourteenth Amendment right to due process.  Compl. ¶¶ 23-24.

II.  Failure to State a Claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint.  *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d

810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Kurt Schultz

In his complaint, Plaintiff alleges that Defendant Schultz violated his Eighth Amendment right to be free from cruel and unusual punishment when Schultz ordered Plaintiff to operate a jackhammer in October 2004, despite Schultz's knowledge that Plaintiff had never used a jackhammer before, which caused Plaintiff injuries. Compl. ¶¶ 14-16. Plaintiff also argues that in ordering him to use the jackhammer, Schultz committed negligence, gross negligence, and caused Plaintiff injury in the "performance of a proprietary function." Compl. ¶¶ 25-38. In another action, *Reynosa v. Mich. Dep't of Corr. et al.,* No. 5:05-cv-161 (W.D. Mich.)[1], Plaintiff previously alleged that by ordering Plaintiff to operate the jackhammer in October 2004, Defendant Schultz committed negligence and gross negligence, engaged in *ultra vires* activities, violated various articles under the Universal Declaration of Human Rights, and violated Plaintiff's substantive due process rights under the Fourteenth Amendment. *See Reynosa*, 5:05-cv-161 (W.D. Mich.) (Docket #1). This Court dismissed all of Plaintiff's prior claims against Schultz with prejudice for failure to state a claim. *Reynosa*, 5:05-cv-161 (W.D. Mich. 2/22/05) (Docket ##8, 9).

Res judicata, or claim preclusion, bars a subsequent action between the same parties "based upon the same claims or causes of action that were or could have been raised and litigated

---

[1]*Reynosa v. Mich. Dep't of Corr. et al*. is currently pending before this Court. Although it also arises from the injuries Plaintiff sustained while operating the jackhammer in October 2004, that action complains of a failure to provide medical services by certain medical and other personnel at the Lakeside Correctional Facility in the fall of 2004, and are therefore not closely related to those in this case.

in a prior action." *Page v. Monroe City Dep't of Bldg. & Zoning*, 42 F. App'x 760, 761 (6th Cir. 2002) (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir.1995)). The doctrine applies when there is: (1) a final decision on the merits; (2) a subsequent action between the same parties; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action. *Id*. (citing *Kane*, 71 F.3d at 560). A dismissal for failure to state a claim is a judgment on the merits for res judicata purposes. *Guzowski v. Hartman*, 969 F.2d 211, 216 (6th Cir. 1992) (citing *Guzowski v. Hartman*, 849 F.2d 252, 256 (6th Cir. 1988)).

Here, all of Plaintiff's prior claims against Schultz, which each pertained to Schultz's order to use the jackhammer in October 2004, were dismissed for failure to state a claim. *Reynosa*, 5:05-cv-161 (W.D. Mich. 2/22/05) (Docket ##8, 9). In the present action, Plaintiff again sues Schultz. Although he did not, Plaintiff *could have* brought his Eighth Amendment, negligence, and "proprietary function" claims against Schultz in *Reynosa*, 5:05-cv-161 (W.D. Mich.). As a result, Plaintiff's claims against Schultz in the present action are barred by res judicata and will be dismissed. *See Page*, 42 F. App'x at 761.

### B. Kirk Kashion

Plaintiff alleges that in 2005, he wrote two letters to Defendant Kashion, the Coldwater County Prosecuting Attorney, complaining of Defendants' willful neglect of their duties under MICH. COMP. LAWS § 750.478 (willful neglect of duty by person holding public trust or employment; penalty), and seeking to enforce Plaintiff's rights as a crime victim under the Michigan Constitution; Kashion never responded. Compl. ¶¶ 23-24. Plaintiff claims that by failing to respond to him, Kashion violated Plaintiff's due process rights. Compl. ¶¶ 53-54.

As an initial matter, Section 1983 does not provide redress for a violation of a state law; for this reason, Plaintiff's claims against Kashion under the Michigan Code and Michigan Constitution fail to state a claim. *See Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Plaintiff's allegations against Kashion also fail to the extent that Plaintiff alleges Kashion violated his Fourteenth Amendment right to due process of law. A state actor has no constitutional duty to protect an individual unless that state actor has taken the individual into its custody, or has undertaken affirmative duties of care and protection. *DeShaney v. Winnebago County Soc. Servs. Dep't*, 489 U.S. 189, 195-96, 198, 201-02 (1988). When a state actor "takes a person into its custody and holds him there against his will, the Constitution imposes on it a corresponding duty to assume some responsibility for his safety and general well-being." *Id*. at 199-200; *see also Jackson v. Schultz*, 429 F.3d 586, 590 (6th Cir. 2005). Here, the Coldwater Prosecuting Attorney's Office did not have Plaintiff in its custody, nor had Defendant Kashion or anyone else in his office undertaken an affirmative duty to protect Plaintiff. Rather, Plaintiff merely sent two letters to Kashion complaining of the medical care he was purportedly denied by prison officials. This did not create in Defendant Kashion a duty to protect Plaintiff or even to investigate his complaints. *Id*. Plaintiff's allegations against Kashion fail to state a claim.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's claims against Defendants Schultz and Kashion fail to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The court further finds that service is appropriate with regard to the remaining Defendants. However, because Plaintiff has named two unknown Defendants (John Doe and Jane

Doe), V. Smith is the only known Defendant at this time; service will therefore be ordered only as to Defendant Smith at this time.

        An Order consistent with this Opinion will be entered.


Date:   September 20, 2006        /s/ Robert Holmes Bell
        ROBERT HOLMES BELL
        CHIEF UNITED STATES DISTRICT JUDGE