UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUDY REYNOSA, #257164,  )
                        )
         Plaintiff,     )   Case No. 4:06-cv-106
                        )
v.                      )   Honorable Robert Holmes Bell
                        )
V. SMITH, et al.,       )   **MEMORANDUM OPINION**
                        )
         Defendants.    )
_____)

This is a civil action brought *pro se* by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff is currently an inmate at the Marquette Branch Prison ("MBP") located in Marquette, Michigan. Plaintiff was an inmate at the Florence Crane Correctional Facility ("ACF") located in Coldwater, Michigan when the events giving rise to his complaint allegedly occurred. Plaintiff alleges, among other things, that he overdosed on pain medication on May 26, 2005, and that Jane and John Doe healthcare providers at ACF failed to provide him with adequate medical care in violation of his Eighth Amendment rights.

On September 20, 2006, the court issued an opinion (docket # 5), and an order for partial service (docket # 6) which dismissed plaintiff's claims against all defendants specifically identified in the complaint, with the exception of defendant Smith. Following service (docket # 8), Smith requested and received an extension of time until December 22, 2006, within which to file his answer. (docket # 13). The matter is now before the court on plaintiff's motion requesting that the court issue a subpoena against non-party Carol Howes, ACF's Warden. (docket # 7). Plaintiff asks

the court to issue a subpoena directing non-party Howes to appear and produce documents identifying the doctors, nurses, and physicians assistants present at ACF on May 26, 2005.

Rule 45(a)(1)(C) provides that every subpoena shall "command each person to whom it is directed to . . . produce and permit inspection and copying of designated books, documents or tangible things in the possession, custody, or control of that person . . . at a time and place therein specified." Plaintiff's motion does not identify the time and place he desires to have non-party Howes produce the documents his for inspection and copying. Plaintiff's omissions are significant. The driving distance, one-way from ACF in Coldwater, Michigan to MBP in Marquette, Michigan is approximately 465 miles. Rule 45(c)(3)(A)(ii) requires that a court, on timely motion, quash or modify s subpoena if it requires a person who is not a party to travel to a place more than 100 miles from the place where that person resides, is employed, or regularly transacts business in person. Moreover, Rule 45(b) states that service of a subpoena on a person "shall be made by delivering a copy thereof to such person, and if the person's attendance is required, by tendering to that person the fees for one day's attendance and the mileage allowed by law." Plaintiff has not tendered the required mileage fee of $413.85 (44.5 cents per mile x 930 miles) or the and $40 witness fee. *See* 28 U.S.C. § 1821(b). The fact that plaintiff is proceeding *in forma pauperis* does not relieve plaintiff of the obligations to pay the witness and mileage fees.

> The rule governing service of subpoenas, Fed. R. Civ. P. 45(b)(1), requires the simultaneous tendering of witness fees and reasonably estimated mileage as allowed by law. *Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir. 1989); *Badman v. Stark*, 139 F.R.D. 601, 604 (M.D. Penn. 1991). A party proceeding *in forma pauperis* is still required to pay witness and mileage fees . . . . *Tedder*, 890 F.2d at 211; *Fernandez v. Kash N' Karry Food Stores, Inc.*, 136 F.R.D. 495, 496 (M.D. Fla. 1991), *aff'd*, 966 F.2d 1461 (11th Cir. 1992). Because a federal court has the inherent power to protect anyone from oppressive use of process, the court may require a plaintiff to demonstrate that he has made provisions for the costs of discovery prior

to ordering the Clerk to issue subpoenas. *Badman*, 139 F.R.D. at 604. The refusal to issue subpoenas in the absence of such evidence is not improper.

*Gregg v. Clerk of the United States District Court*, 160 F.R.D. 653, 654 (N.D. Fla. 1995); *see Johnson v. Hubbard*, 698 F.2d 286, 289-90 (6th Cir. 1983); *Pedraza v. Jones,* 71 F.3d 194, 197 (5th Cir. 1995)(Federal Courts are not authorized to waive or pay these fees on behalf of an *in forma pauperis* litigant.); *Kean v. Van Dyken*, No. 4:05-cv-64, 2006 WL 374502, at * 3-4 (W.D. Mich. Feb. 16, 2006) (collecting cases). "[W]hile a *pro se* prisoner in a § 1983 suit may utilize any discovery methods prescribed by the Federal Rules of Civil Procedure, he is subject to the same terms and conditions as any other civil litigant, including paying for his own discovery costs . . . ." *Smith v. Pendergrass*, Nos. 1:02-CV-125, 1:02-CV-126, 2003 WL 21919182, at * 3 (N.D. Ind. June 17, 2003). Plaintiff's motion must be denied because plaintiff has not paid the witness and mileage fees required by law.

Plaintiff is laboring under a misconception that he cannot serve an interrogatory on defendant Smith in an effort to learn the identity of the doctors, nurses, and physicians assistants present at ACF on May 26, 2005. (*See* docket #7, ¶ 4(C)). Rule 26(a)(1)(E)(iii) exempts an action brought without counsel by a person in custody from initial disclosure requirements. Rule 26(d) permits discovery in such actions without the prerequisite of participating in a Rule 26(f) discovery planning conference.

## Conclusion

For the reasons set forth herein, plaintiff's motion (docket # 7) will be denied.

Dated: November 27, 2006        /s/  Joseph G. Scoville
                                United States Magistrate Judge