UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| RUDY REYNOSA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:06-cv-106 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| V. SMITH, et al., | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendants. | ) | |
| | ) | |

This prisoner civil rights action is before the court on plaintiff's objections to the report and recommendation of the magistrate judge. Proceeding under 42 U.S.C. § 1983, plaintiff brings suit against Resident Unit Officer V. Smith, as well as unnamed medical personnel, arising from an incident that occurred in March 2005, when plaintiff was incarcerated at the Florence Crane Correctional Facility. On that day, plaintiff took an overdose of pain medication, and was transported to a hospital for medical treatment. The only allegation against defendant Smith arises from Smith's decision to rush plaintiff to the health care clinic in a wheelchair, rather than following departmental policy, which allegedly required that the officer call the control center and wait for control center personnel to effect the transport  The report and recommendation of the magistrate judge determined that Smith's motion for summary judgment was meritorious, as the undisputed facts failed to establish either the objective or subjective components of an Eighth Amendment claim against Smith. This court affords *de novo* review to objections to the report and recommendation of a magistrate judge on dispositive matters. FED. R. CIV. P. 72(b).

Plaintiff's objections concede that he has no viable Eighth Amendment claim against Smith. Rather, plaintiff argues only that Smith is liable for gross negligence under state tort principles. Plaintiff asserts that his Eighth Amendment claims are all leveled against the unknown doctors and other health care personnel involved in his treatment. Plaintiff candidly admits that his claim against defendant Smith, although not arising under section 1983, is before the court only pursuant to the doctrine of supplemental jurisdiction, 28 U.S.C. § 1367.

As the magistrate judge correctly pointed out, supplemental jurisdiction is the doctrine of discretion, not plaintiff's right. *See Habich v. City of Dearborn*, 331 F.3d 524, 535 (6th Cir. 2003). In the present case, plaintiff wishes the court to retain jurisdiction over a state tort claim which is allegedly supplemental to Eighth Amendment claims against the unnamed health professionals. Plaintiff filed his complaint seven months ago, and has yet to identify the "unknown" defendants. Although the federal courts generally permit a plaintiff to sue unnamed defendants, plaintiff must provide an adequate description of some kind sufficient to identify the person involved, so that process can be served. *Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996). Plaintiff has failed to do so, despite the passage of over seven months, and the time in which those defendants were to be served has long expired. *See* FED. R. CIV. P. 4(m). The unnamed defendants will therefore be dismissed without prejudice. In the absence of a colorable Eighth Amendment claim against defendant Smith, this court declines to exercise supplemental jurisdiction over the state tort claim against him, which will also be dismissed without prejudice.

For the foregoing reasons, plaintiff's objections are overruled. All federal claims against defendant Smith will be dismissed with prejudice, and all state claims without prejudice. The unknown defendants will be dismissed from this action for failure to make service.

Date:     April 9, 2007                    /s/ Robert Holmes Bell
                                                             ROBERT HOLMES BELL
                                                             CHIEF UNITED STATES DISTRICT JUDGE